UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS KIENSTRA CUSHMAN,<br><br>Defendant. | Case No. 5:24-mj-00038-CDB<br><br>ORDER OF DETENTION PENDING REVOCATION HEARING |

**Background**

Defendant Thomas Kienstra Cushman was arrested in this district on a warrant issued by the District of North Dakota in connection with a petition alleging that he violated his conditions of pretrial release imposed there. *See* No. 3:24-cr-00093-PDW (D.N.D.).

On November 20, 2024, Defendant appeared through retained counsel for an initial appearance in this Court, as the district of arrest, pursuant to Federal Rules of Criminal Procedure 5(c)(3) and 40.

Defendant was advised of the allegations in the petition and of his rights, including his right to remain silent and his right to an identify hearing in this district. Having been so advised, and after conferring with appointed counsel, Defendant knowingly and voluntarily waived any rights he had to an identity hearing.

Prior to the initial appearance, the Court and parties received reports from the Pretrial Services Office that summarized the procedural posture of the case and the nature of the alleged pretrial release violations.

At the initial appearance, the government argued that the charging district's release order should be modified to require temporary detention. The matter was argued and submitted.

**Governing Legal Standard**

Pursuant to Rule 40(c), a court may modify any previous release or detention order issued in another district but must state its reasons for doing so in writing.  Here, because the request by the government that Defendant be detained would require a change – temporary revocation – of the conditions of release, the Court proceeded with a detention hearing under Rule 40(c).  *See, e.g., United States v. Turner*, 2023 WL 2401581, *2 (W.D.N.C. Mar. 8, 2023); *United States v. Garraway II*, 2022 WL 14752697, *1 (S.D. Tex. Oct. 25, 2022).  *Accord United States v. Martin*, 2022 WL 4370447, *3 (N.D. Tex. Sept. 21, 2022) ("the magistrate judge in the district of arrest should, pending the revocation hearing, either order detention or decide on conditions of release and should do so after a hearing on those matters.").

**Discussion**

Defendant originally was arrested in the District of North Dakota on June 14, 2024, on arrest warrant issued by that district on indictment charging Defendant and another.  Defendant appeared in that district on June 14, 2024, for his initial appearance on charges alleging conspiracy to possess with intent to distribute and distribute a controlled substance (21 U.S.C. §§ 846 & 841(b)(1)(A). *See* No. 3:24-cr-00093-PDW (Docs. 1, 10).  Thus, he is aware he is facing serious charges with significant maximum penalties in the underlying criminal case.

According to the petition alleging violations of pretrial release conditions, on six separate occasions following his pretrial release on June 14, 2024, Defendant has violated Release Condition #7 prohibiting his use or possession of any narcotic drug (specifically, methamphetamine), including as recently as August 20, 2024.  (Doc. 1).  Upon Defendant's earlier-detected alleged violations of pretrial release conditions, the Court imposed additional conditions of release, including that Defendant participate in the inpatient substance abuse

1  treatment programs at WestCare and New Life Treatment Center.  *See* No. 3:24-cr-00093-PDW
2  (Docs. 40, 46).  Thereafter, Defendant allegedly absconded from WestCare and the Pretrial
3  Services Office is unable to verify that Defendant is enrolled as directed at New Life Treatment
4  Center.  (Doc. 1).

5       As addressed on the record during Defendant's initial appearance, given his alleged,
6  significant, recent history of substance abuse and the charging district's inability to successfully
7  accommodate Defendant's release through participation in inpatient substance abuse treatment,
8  the undersigned concludes no condition or combination of conditions could sufficiently mitigate
9  the risk of flight Defendant would present were he released and that, pursuant to Rule 40(c), the
10 previously entered release order should be modified.

11      ACCORDINGLY, based on the totality of these considerations, the Defendant is
12 remanded to the custody of the United States Marshal pending his anticipated transportation to
13 the District of North Dakota for further proceedings pursuant to 18 U.S.C. § 3148(b).

14 IT IS SO ORDERED.

15 Dated:   **November 20, 2024**
16                                   UNITED STATES MAGISTRATE JUDGE